## DRENNEN VS. LINDSEY.

The statute authorizing either party to make a witness of the opposite party in suits before justices of the peace, ought to be so construed as to allow such privilege on the trial *de novo*, in the Circuit Court on an appeal from the justice.

But if either party shall call his adversary as a witness, he will not be allowed to disprove or impeach his testimony by calling other witnesses.

A witness may be discredited by proving that he has testified or stated differently in any material respect on some former occasion, but the witness should first be enquired of concerning such former statement.

*Appeal from Lawrence Circuit Court.*

Hon. B. H. NEELY, Circuit Judge.

FAIRCHILD, for the appellant.

BYERS & PATTERSON, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This suit was originally commenced before a justice of the peace, by Lindsey against Drennen, and on the trial in the justice's court, the plaintiff, in order to make out his case, called upon the defendant to testify as a witness, and he was required to do so,

under the statutory provision to that effect. *Digest, title Justices of the Peace, sec.* 108. Judgment being given against the defendant, he appealed, and on the trial *de novo* in the Circuit Court, the plaintiff, against the objection of the defendant, introduced, as a witness, the justice, before whom the case had been tried, and was allowed to prove by him what he understood the defendant to have admitted, when so testifying as a witness, at the call of the opposite party. And, thereupon, against the objection of the defendant, he was also required, at the instance of the plaintiff, to testify in the cause, on the trial *de novo* in the Circuit Court.

Although the statute, before referred to, enabling either party to make a witness of the adverse party to establish the demand sued for, or set off, and in a case of default when summoned, or refusal to testify, allowing the claimant of such demand or set off to be sworn as a witness in his own behalf, to establish the same, is applicable in terms to suits before justices of the peace, and not to suits originating in the Circuit Court, the statute, in our opinion, ought to be so construed that, the privilege of calling the adverse party, attaching to suits commenced before justices of the peace respecting matters of contract with its consequences, adheres to and follows them into the Circuit Court, when removed there by appeal for trial *de novo,* upon the same cause of action and set off, if any, which was tried before the justice. All the reasons continue to exist why that class of cases, inconsiderable as to the amount involved in controversy, should be cheaply and expeditiously tried, with as little regard to forms of pleading, and in as summary manner as can be done, consistently with the due administration of justice. That practice may be regarded, to some extent, as a substitute for the attainment of the same end by petition for discovery, and to obviate the expense and delay usually attending such a proceeding.

But it seems clear, in this particular case, that an error was committed one way or the other against the appellant; and seeing that according to our view of the matter, the plaintiff, on the appeal

of the defendant, had the same right, and to the same extent, of calling him as a witness on the trial in the Circuit Court, which he had and availed himself of, before the justice, it follows that the plaintiff, still wishing to use the testimony of the defendant for any purpose, was bound to call him as the original and best evidence, and make an effort to produce his attendance as a witness, instead of resorting to proof of his statements or admissions on the previous trial. It might be different, if the defendant in the mean time had died, or for any other recognized disability it had become impossible for the plaintiff to have him sworn on the second trial, and in such case no doubt his testimony might be reproduced, like that of any other deceased, insane or absent witness, by proof according to established rules of what he testified on the former trial.

Moreover, the statute in question, making partial change in the law of evidence, has some peculiar features. Though it may be supposed the privilege would be seldom refused, neither party has the absolute right to call the other as a witness, but may be allowed to do so in the discretion of the justice or court, if no evidence be given to establish the demand or set-off in controversy, or if the evidence given be insufficient for that purpose. If the party called upon refuse to testify or make default, when summoned as a witness, the demand or-set off is not admitted, but the party claiming it is permitted to establish it by his own testimony; and if either party, called upon, does testify, the statute is express, that, after his examination, no further evidence shall be given in relation to such demand or set-off." That is to say, the plaintiff or both plaintiff and defendant in turn, if a set-off be filed, may make a witness of the other; but when he does so, it is an election to rest his side of the case upon the testimony of the adverse party, which he is not allowed to disprove or impeach by calling other witnesses. The perjury of such a witness may be a public offence, but for the purposes of the civil suit, he is not to be discredited by the party calling him to testify. A witness may be discredited by proving that he has testified or

46BB

stated differently, in any material respect, on some former occasion, but in order to do this, according to the rules of evidence, it is necessary that the witness should be enquired of concerning such former statement, and with sufficient certainty of specification to direct his attention to them. Here, the defendant, when examined in the Circuit Court, was not interrogated about any statements made by him on the first trial or on any previous occasion. Even if it had been allowable, under the statute, for the plaintiff to discredit his own witness, that has been the indirect result of the proceeding complained of, and regarding the defendant as a witness, and not as a party, he would stand contradicted by proof of his fomer statements, about which he was not interrogated, and had no opportunity to explain or justify.

It becomes unnecessary to go into a detailed statement of the plaintiff's cause of action, and the evidence by which it was sought to be established. It is sufficient to say, that, leaving out of view the objectionable testimony of the justice of the peace, as to his understanding of the defendant's admissions on the trial of the cause, before him sitting as a jury, we are unable, after a careful examination of the bill of exceptions, to find any satisfactory evidence conducing to show what interest, if any, the plaintiff had in the subject matter of the alleged contract, or that the defendant ever promised to pay him the sum of money charged in the account, or that there was any consideration for such promise.

The judgment will be reversed, and the cause remanded, with instruction to sustain the motion of the defendant for new trial.