## ADKINS vs. HERSHY.

Where a party, in a suit before a justice of the peace, or on appeal from such justice to the Circuit Court, is made a witness, under the statute, by the opposite party, he may give evidence as well for, as against himself—as where a defendant files a set-off, and is called by the opposite party to prove the cause of action sued on, he may also give evidence to prove his own set-off.

*Appeal from the Circuit Court of Johnson County.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

MAY, for the appellant.

Mr. Justice HANLY delivered the opinion of the Court.

This cause was originally commenced before a justice of the peace, on an open account, and was before, and decided by this court, at the January term, 1854, when the judgment of the Circuit Court was reversed, and the cause remanded.

At the September term of the Johnson Circuit Court for 1855, the judgment of this court was spread upon the minutes of that court, and the cause again proceeded in, when, by consent, it was submitted to the court, sitting as a jury, when the finding and judgment were again for the appellee on the evidence.

The appellant moved the court for a new trial, and on his motion being overruled, he excepted, and set out in his bill, the following facts, *to wit:*

That the appellee, to prove his demand, called upon the appellant to testify; who, being duly sworn, said that appellee's account was just and correct: that he had bought and received of appellee the articles therein specified; and thereupon appellee closed his evidence, when appellant's counsel offered to prove by

28c

him his set-off, which was filed in due and ample time, and in proper form; to which evidence the appellee objected, and the court sustained the objection, and refused to permit appellant to prove his set-off by his own testimony, to which the appellant excepted at the time.

The appellant appealed; upon which the cause is now pending in this court.

1. Upon an appeal being taken from a justice of the peace, to the Circuit Court, that court proceeds to try, hear and determine the cause anew on its merits, and the same course of procedure, and the same rules of practice are observed in the Circuit Court that obtain, in such case, before a justice of the peace. See *Digest, sec.* 181, *p.* 668; *Drennen vs. Lindsey,* 15 *Ark. Rep.* 359.

2. If there shall be no evidence given to establish any demand founded upon a contract, or to establish any set-off, or if the evidence given be insufficient for that purpose, the justice, before whom any such cause may be depending, or the Circuit Court in which jurisdiction may have been acquired of such cause by appeal, upon the application of the party offering such demand or set-off, may order the opposite party to be sworn, and examined in relation thereto, and after the examination of either party, no further evidence shall be given in relation to such demand or set off. See *Digest, sec.* 108, *p.* 656.

We think it clear, from the foregoing provision of the statute, that the design which the Legislature had in view by its enactment, was, to make the party sworn as a witness, stand in the place and attitude of a witness in the cause, as much so, as if he were an indifferent party. And we are confirmed in this, by the latter phrase of the section, the substance of which we have given above, which is, that "after the examination of either party, no further evidence shall be given in relation to such demand or set-off;" coupled with the provision contained in the 109*th section* of the same *chapter,* which is in these words: "Either party, in any suit founded on contract, may cause the opposite party to be subpoenaed as a witness in the cause

in the same manner, and with like effect, as any other person." It would be extremely onerous and unjust, if it were competent for the appellee, in the case we are considering, to require the appellant to be sworn as a witness in his behalf, for a special purpose, as, for instance, to prove his demand, and after he had established it, as was really the case in the instance before us, to discharge him from the stand, and thereby preclude him from giving evidence to sustain his set-off. An indifferent witness, in ordinary causes pending in the courts, is sworn to speak the truth, and the whole truth, touching the cause in which he is sworn. We cannot speak as to the practice in relation to the swearing of parties under the provision of the statute before referred to. Whether it is uniform throughout the State, we know not. But as far as our experience in, and knowledge of the practice in such case extends, it is to administer the same oath to parties, when sworn as witnesses under the statute as above, that is usually administered to witnesses in ordinary cases. When a party is called as a witness by his adversary, the presumption is, that he has no other means of proving his case, except by his testimony. By the act of calling him, the party virtually declares that he confides the cause to his conscience, and relies upon his integrity and truthfulness for the facts. When a set-off is filed, that is as much a part of the cause, and is, to all intents and purposes, as much at issue, as the original demand, upon which the action was founded. A witness, sworn in such cause, might as properly be interrogated in reference to the set-off, as the original cause of action. And such, we apprehend, is the case in reference to the party who is made a witness. He may testify in regard to any matter that is pertinent to the issue to be tried.

Whether the evidence of appellant would have changed the result in this cause, we, of course, cannot determine, except from conjecture. We think it possible, at least, that he would swear to his set-off: if so, it is evident the result of the cause would have been different, had the judge, who tried the cause, given heed to his evidence.

We are clearly of the opinion, that the court below should have allowed the appellant, when upon the stand, to have testified in reference to his set-off. Having refused to allow him to do this, and believing it possible that, had he been allowed to testify, the result might have been different, the judgment of the court below will be reversed, and the cause remanded, with directions to the Circuit Court of Johnson county, to grant the appellant a new trial, and that the cause proceed in accordance with law, and not inconsistent with this opinion. Let the judgment be reversed at the cost of the appellee.

Absent, Mr. Justice SCOTT.